JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jermaine Moore-Taylor, appeals his sentence imposed by the common pleas court after he pleaded guilty to drug possession, a felony of the third degree. For the reasons that follow, we vacate the sentence and remand for resentencing.
 {¶ 2} On September 30, 2004, the Cuyahoga County Grand Jury indicted appellant on one count of drug trafficking with a juvenile specification and a schoolyard specification; one count of possession of drugs; one count of simple drug trafficking; and one count of possession of criminal tools.
 {¶ 3} On December 14, 2004, appellant entered a plea of guilty to one count of drug possession, in violation of R.C.2925.11, a felony of the third degree. That conviction carries with it a statutory sentencing range of one to five years in prison. Appellant concedes that the trial court was in compliance with Crim.R. 11 when it accepted his guilty plea.
 {¶ 4} On January 13, 2005, appellant's sentencing hearing took place. At the hearing, in addition to the charges in the instant case, the trial court found appellant in violation of his probation for a prior criminal conviction in case number CR-426406. Consequently, the trial court terminated appellant's probation pertaining to CR-426406 and sentenced him to two years in prison pursuant to his guilty plea in the case at bar.
 {¶ 5} Appellant appeals his two-year sentence asserting the following assignment of error:
 {¶ 6} "I. APPELLANT'S NON-MINIMUM SENTENCE VIOLATES HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL."
 {¶ 7} With this assignment of error, appellant argues that the trial court erred when it imposed a sentence beyond the shortest authorized term. The sentence was imposed pursuant to R.C. 2929.14(B) under the state sentencing structure in effect at the time of appellant's sentencing.
 {¶ 8} The Ohio Supreme Court's recent decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, renders appellant's assignment of error without merit for the purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster, supra.
 {¶ 9} Because appellant's sentence was based on an unconstitutional statute, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate appellant's sentence and remand this case to the trial court for a new sentencing hearing.
Sentence vacated, cause remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs; Gallagher, J., Concurs in Judgmentonly.